UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
GABRIEL ROLDAN,

                Plaintiff,

                                                                     Dkt No. 21-CV-9560

    against

THE CITY OF NEW YORK, POLICE OFFICER        **COMPLAINT**
JAMES WEIK (Shield No. 26601), POLICE
OFFICER JOSEPH RODELLI (Shield No. 24009),
LIEUTENANT JOSEPH ALGERIO,                    Jury Trial Demanded
and JOHN DOE (the name being fictitious
as his identity is unknown),

                Defendants.
------------------------------------------------------------------- x

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Gabriel Roldan ("Mr. Roldan" or "Plaintiff") is a resident of New York County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of

police officers and supervisory police officers, including the individually named defendants herein.

8. Police Officer James Weik, Shield No. 26601 (" Defendant Weik"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Weik is sued in his individual and official capacities.

9. Police Officer Joseph Rodelli, Shield No. 24009 ("Defendant Rodelli"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Rodelli is sued in his individual and official capacities.

10. Lieutenant Joseph Algerio, ("Defendant Algerio"), at all times relevant herein, was a sergeant, employee and agent of the NYPD. Defendant Algerio is sued in his individual and official capacities.

11. At all times relevant defendants John Doe was a police officer, detective or supervisor employed by the NYPD. Plaintiff does not know the real name and shield number of defendant John Doe ("Defendant Doe").

12. At all times relevant herein, defendant John Doe was acting as agent, servant and employee of the City of New York and the NYPD. Defendant John Doe is sued in his individual and official capacities.

13. At all times relevant herein, all individual defendants (collectively "Defendants") were acting under color of state law.

## STATEMENT OF FACTS

14. On October 23, 2020, at approximately 5 p.m., in the vicinity of Seventh Avenue and Christopher Street, in New York, New York, Mr. Roldan was standing on the sidewalk having committed no crimes.

15. Defendant Weik told him that they were going to arrest him.

16. Mr. Roldan told him that he had done nothing wrong.

17. Defendants took Plaintiff to the ground.

18. After Mr. Roldan was taken to the ground, Defendants Weik, Rodelli and Doe held him down.

19. Mr. Roldan was being held face down by Defendants Weik, Rodelli, and Doe.

20. Even though three officers had Mr. Roldan pinned to the ground, Defendant Rodelli began punching Mr. Roldan on the side and back of his body.

21. While Mr. Roldan was still face down on the ground with the three officers on top of him, Defendant Weik tased him on his torso.

22. While Mr. Roldan was laying face down on the ground with one arm pinned behind his back being held by Defendants Rodelli and Doe, Defendant Weik was holding his other arm and telling him to put his arm behind his back as he tased him again.

23. Defendant Algerio was standing over the three officers watching Defendant Weik illegally tase Mr. Roldan.

24. Defendant Algerio's body camera had a clear view of Defendant Weik illegally tasing Mr. Roldan.

25. As both of Mr. Roldan's arms were behind his back and he was lying face down with the three officers on top of him, Defendant Weik continued tasing him.



26. There was no legal basis to taser Mr. Roldan.

27. The individual defendants were close enough to stop the assault of Mr. Roldan, but none of the individual defendants intervened.

28. Despite the Defendants knowing that Mr. Roldan was restrained as he was repeatedly tasered, none of the Defendants stopped the use of the taser.

29. Defendants had the opportunity to stop the excessive force against Mr. Roldan, but none of them did.

30. Plaintiff had to appear in court numerous times before his case was dismissed.

31. All charges were dismissed against Mr. Roldan.

32. Mr. Roldan suffered bruising all over his body.

33. As a result of the beating, Mr. Roldan suffered bruising and taser marks, and scarring from the taser.

34. Mr. Roldan suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, and anxiety.

35. Within ninety days following the occurrence of the incidence complained of in this Complaint, Plaintiff filed a written Notice of Claim with Defendant City of New York pursuant to General Municipal Law 50e.

36. Thirty days since the filing thereof have elapsed without adjustment or payment of plaintiff's claim.

## FIRST CLAIM
### Excessive Force
(Defendant Weik, Rodelli, and Doe)

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. The Individual Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

39. The Individual Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that the Individual Defendants used excessive and unreasonable force in effecting the arrest of Plaintiff.

40. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Failure to Intervene
(Defendants Algerio, Rodelli, and Doe)

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. Those Individual Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

43. Accordingly, the Individual Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

44. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law Assault and Battery
(All Defendants)

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. By their conduct, as described herein, the Individual Defendants are liable to Plaintiff for having assaulted and battered him.

47. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

48. As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all Defendants, jointly and severally;

(b) Punitive damages against the Individual Defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: November 18, 2021
      New York, New York

                                        BRUSTEIN LAW, PLLC

                                        _____/s/_____
                                        Evan Brustein
                                        299 Broadway, 17th Floor
                                        New York, NY 10007
                                        (917) 769-8748
                                        *Attorneys for Plaintiff*