UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

GABRIEL ROLDAN,

                                          Plaintiff,

              -against-                      **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

THE CITY OF NEW YORK, POLICE OFFICER JAMES WEIK (Shield No. 26601), POLICE OFFICER JOSEPH RODELLI (Shield No. 24009), LIEUTENANT JOSEPH ALGERIO, and JOHN DOE (the name being fictitious as his identity is unknown).

21 Civ. 9560 (AKH)

                                       Defendants
------------------------------------------------------------------------X

        **WHEREAS**, pursuant to Rules 26, 33 and 34, of the Federal Rules of Civil Procedure, Defendants City of New York, James Weik, Joseph Algerio, and Joseph Rodelli (collectively, "Defendants"), intend to disclose certain documents and information to Plaintiff;

        **WHEREAS,** Defendants deem certain information and documents to be confidential, private and/or subject to a law enforcement and/or governmental privileges and/or other applicable privileges;

        **WHEREAS**, Defendants object to the production of said information and/or documents unless appropriate protection for their confidentiality is assured; and

        **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

        1.    This Action shall mean <u>Gabriel Roldan v. City of New York, et al.</u>, 21 Civ. 9560 (AKH).

2. As used herein, without waiving the right to later interpose any objections concerning these documents, "Confidential Materials" shall mean[1]:

(A) New York City Police Department ("NYPD") personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agencies;

(B) Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Materials" by the Defendant or the Court.

3. The documents and information as defined in Paragraph 2 shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are obtained by Plaintiff by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"), or are otherwise publicly available.

4. Defendants shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and by designating such documents by bates number in a writing directed to the parties' counsel. Defendants shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from third parties.

5. Any documents produced by a non-party pursuant to a subpoena in this Action and that are designated as Confidential Material by Defendants shall be governed by the terms of this Confidentiality and Protective Order.

---

[1] The identification of any specific documents in Paragraph 2 does not waive the right to interpose any objection concerning same including to its production in this action.

6. Defendants reserve the right to designate any document confidential pursuant to this agreement if necessary after production of such documents to any party.

7. Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

8. If Plaintiff objects to the designation of particular documents as "Confidential Materials," Plaintiff shall state such objection in writing to Defendants, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then, within fourteen (14) days of receiving Defendants' response, Plaintiff shall seek judicial intervention. Any such materials or information shall remain Confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

9. The parties to this Action shall not use the Confidential Materials for any purpose other than for the preparation or presentation of their case in this Action.

10. The parties to this Action shall not disclose the Confidential Materials to any person not a member of the staff or interns of their law offices, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of any party's case in this action, to those individuals described in the subparagraphs below.

    b. Disclosure before trial may be made only to the parties, to an expert who has been retained, consulted, or specially employed by their counsel in anticipation of litigation or preparation for this action, including investigators, to a witness at deposition, or to the Court.

    c. Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), counsel for the parties shall provide each such person with a copy of this Confidentiality and Protective Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. Counsel for the disclosing party shall retain the signed consent and furnish a copy to the respective party's attorney upon request, although the name of an expert that either party does not intend to call as a trial witness may be redacted from such consent before it is produced.

    11.    Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Confidentiality and Protective Order. The parties may designate deposition exhibits and portions of deposition testimony as Confidential either by: (a) indicating on the record during the deposition that questions relate to Confidential Materials, or (b) notifying the court reporter/stenographer and all attorneys of record, in writing, within 45

days after a deposition transcript has been received of the specific pages and lines of the transcript that are to be designated "Confidential," in which event the parties receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the attorneys for the respective parties.

12. Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request, or shall make an application to the Court to have the relevant materials de-designated as confidential, pursuant to Paragraph "8" of this Order. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the rules of the District Court in which the Action is filed and/or the Individual Rules of the judge to whom the papers are directed.

13. Where the confidential information is not material to issues addressed in court submissions and the parties agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

14. In addition, where reasonable advance notice is given by the parties and the parties agree in writing to the use of the confidential information in support of a motion for summary judgment or any other dispositive motion by any party, or at a trial on the merits in this matter, such information will not be subjected to the instant protective order. In the event that the Confidential Materials may be disclosed at a hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Materials.

15. Within 30 days after the termination of this Action, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to Defendants' attorneys or, upon Defendants' attorneys consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to Defendants' attorney. Notwithstanding this provision, counsel for any party may retain a copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Materials, to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards are imposed to prevent the use of any copies for any purpose. Any such copies that contain or constitute Confidential Materials remain subject to this Confidentiality and Protective Order. Confidential Materials which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Materials.

16. This Confidentiality and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that has been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by any party, or anyone receiving confidential documents pursuant to Paragraph "10" herein, for any purpose without prior Court approval.

17. This Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

18. The terms of this Protective Order shall be binding upon all current and future parties to this Action and their counsel.

19. Nothing in this Protective Order shall be construed to limit Defendants' use of their own Confidential Materials in any manner.

20. The Court will retain jurisdiction over all persons subject to this Confidentiality and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated: New York, New York
      November 23, 2022

| | |
|---|---|
| Evan Brustein<br>BRUSTEIN LAW, PLLC<br>*Attorneys for Plaintiff*<br>299 Broadway, 17th Floor<br>New York, New York 10007<br>(212) 233-3900<br><br>By: _____<br>    Evan Brustein | Hon. Sylvia O. Hinds-Radix<br>Corporation Counsel of the<br>  City of New York<br>*Attorney for Defendants*<br>100 Church Street<br>New York, New York 10007<br><br>By: _____<br>    Andrea Osgood |

SO ORDERED:

/s/ Alvin K. Hellerstein
_____
HON. ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE

Dated: November 28 , 2022

EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Confidentiality and Protective Order dated _____ 2022, entered into the action entitled <u>Gabriel Roldan v. City of New York, et al.</u>, 21 Civ. 9560 (AKH), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____     Signature: _____

Print Name: _____

Occupation: _____